IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ERVIN LAMONTE HOLLOMAN, ) | |
|     Plaintiff, ) | Case No. 7:22-cv-00478 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| VIRGINIA DEPARTMENT OF ) | Chief United States District Judge |
| CORRECTIONS, et al., ) | |
|     Defendants. ) | |

## MEMORANDUM OPINION

Ervin Lamonte Holloman, a Virginia inmate proceeding pro se, filed this civil action against the Virginia Department of Corrections ("VDOC") and the Commonwealth of Virginia. The case is now before the court for review under 28 U.S.C. § 1915A. Having reviewed the complaint, the court concludes that it must be dismissed.

### I. Background

Holloman is currently incarcerated at Wallens Ridge State Prison. His complaint is styled as a "notice of claim pursuant to the Virginia Tort Claim[s] Act." Compl., ECF No. 1, at 1. In addition to seeking relief for "defamation of character," Holloman's complaint includes scattershot references to negligence, emotional distress, harassment, invasion of privacy, reckless endangerment, wrongful death, due process, mail and phone tampering, extortion, "RICO law misconduct of false advertisement," cruel and unusual punishment, perjury, and fraud.[1] Id. at 3, 12–29.

---

[1] Many of Holloman's more specific allegations could be considered delusional or nonsensical. A large portion of the complaint is devoted to listing his "associates" in his "independent organization." Compl. at 4–11. The list includes dozens of celebrities and other public figures, including his "personal assistant," Salma Hayek. Id.

## II. Standard of Review

The court is required to review a complaint in a civil action in which an inmate seeks redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). On review, the court must dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## III. Discussion

Having reviewed the complaint, the court concludes that Holloman's claims against the VDOC and the Commonwealth of Virginia are subject to dismissal for at least two reasons. First, any claims for relief under 42 U.S.C. § 1983, the Virginia Tort Claims Act ("VTCA"), or the civil RICO[2] statute are barred by the Eleventh Amendment. Under the Eleventh Amendment, "an unconsenting State is immune from suit brought in federal court by her own citizens as well as by citizens of another State." Edelman v. Jordan, 415 U.S. 651, 662–63 (1974). This protection also extends to state agencies and instrumentalities, Regents of Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997), including the VDOC. See Johnson v. McCowan, 549 F. Supp. 3d 469, 475 (W.D. Va. 2021) ("The court will grant the motion to dismiss all claims

---

[2] Rackeeter Influenced and Corrupt Organizations Act, 18 U.S.C. § 1964.

against the VDOC because it is immune from suit under the Eleventh Amendment."). Therefore, absent waiver or abrogation of sovereign immunity, any claims against the Commonwealth of Virginia and the VDOC "are barred regardless of the relief sought." Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993).

In this case, the immunity afforded by the Eleventh Amendment has not been waived. Nor has it been abrogated with respect to any claims under § 1983, the civil RICO statute, or the VTCA. "While Congress may abrogate a State's Eleventh Amendment immunity by express statutory language, it has long been settled that 42 U.S.C. § 1983 . . . does not effect such an abrogation." In re Sec'y of Dep't of Crime Control & Pub. Safety, 7 F.3d 1140, 1149 (4th Cir. 1993). Likewise, "Congress has not abrogated state immunity under RICO." Banks v. ACS Educ., 638 F. App'x 587, 589 (9th Cir. 2016); see also Johnson v. Ill. Commerce Comm'n, 176 F. App'x 662, 663 (7th Cir. 2006) (affirming the application of Eleventh Amendment immunity in a case involving civil RICO claims). And while the VTCA "waive[s] sovereign immunity for tort claims filed in state courts," it "does not waive the state's eleventh amendment immunity" in federal courts. McConnell v. Adams, 829 F.2d 1319, 1329 (4th Cir. 1987). Consequently, such claims against the Commonwealth of Virginia and the VDOC are barred by the Eleventh Amendment.

Additionally, to the extent that any causes of action referenced in the complaint are not barred by the Eleventh Amendment, the complaint is nonetheless subject to dismissal for failure to state a claim upon which relief may be granted. It is well settled that a complaint must contain more than "labels and conclusions" or "naked assertion[s]" devoid of "further factual enhancement." Twombly, 550 U.S. at 555–57. Because Holloman's complaint does not

3

"contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" it must be dismissed on this basis as well. Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570)).

## IV. Conclusion

For the foregoing reasons, the court will dismiss Holloman's complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). An appropriate order will be entered.

Entered: December 5, 2022

Digitally signed by Michael F. Urbanski Chief U.S. District Judge
Date: 2022.12.05 17:34:10 -05'00'

Michael F. Urbanski
Chief United States District Judge